UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 15-24565-CIV-MORENO

TRACFONE WIRELESS, INC.,

    Plaintiff,

vs.

SIMPLY WIRELESS, INC., a Virginia
corporation, d/b/a SHOPCELLDEALS, and
SIMPLY WIRELESS OF MIAMI, INC., a
Florida corporation,

    Defendants.
_____/

# ORDER DENYING MOTION TO ENJOIN ARBITRATION AND GRANTING IN PART MOTION TO STAY AND PLACING CASE IN CIVIL SUSPENSE

Plaintiff is requesting that this Court enjoin an arbitration proceeding where Defendants Simply Wireless of Miami, Inc., and Simply Wireless, Inc. of Virginia, along with additional parties, filed a myriad of claims. TracFone maintains that arbitration is inconsistent with this Court's prior orders and could interfere with this Court's jurisdiction. This Court previously compelled three of TracFone's claims to arbitration, which TracFone chose not to pursue in arbitration. Although TracFone did not file an arbitration demand on those claims, the Defendants availed themselves of the arbitral forum by filing their own claims there. TracFone claims they are not entitled to do so, their claims are not arbitrable, and the resolution of those claims could interfere with this Court's jurisdiction over TracFone's remaining claims here. Under the arbitration agreement between TracFone and Simply Wireless of Miami, Inc., the arbitrator has the authority to examine the arbitration demand and decide on the scope of the proceeding before him. This Court will not step into the arbitrator's role to examine whether the

claims are properly raised in that proceeding, and certainly, this Court will not enjoin the arbitrator from fulfilling his duties. Because the arbitrator has set a final hearing in late February 2018, this Court deems it appropriate to enter a brief stay to allow the parties to arbitrate. Following the conclusion of the arbitration, the Court will adjudicate TracFone's claims in this case.

THIS CAUSE came before the Court upon Plaintiff's Motion to Enjoin the Arbitration **(D.E. 134)**, filed on **June 9, 2017** and Defendant's Motion to Stay **(D.E. 168)** filed on **September 5, 2017**.

THE COURT has considered the motions, responses, oral argument, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion to enjoin the arbitration is DENIED and the motion to stay the litigation is GRANTED in part. The Court temporarily stays the case pending resolution of the arbitration in February 2018.

## I. Background

On January 26, 2017, this Court compelled arbitration of three claims in TracFone's Second Amended Complaint. Counts 5-7 of TracFone's Second Amended Complaint alleged fraud in the inducement of the Transition Agreement (Count 5), breach of the Transition Agreement (Count 6), and unjust enrichment (Count 7). Counts 5-7 named all Defendants, Simply Wireless, Inc., Mobile Now, Inc, ("Simply Wireless Virginia entities"), and Simply Wireless, Inc. of Miami. These were the only counts in the complaint as to Simply Wireless, Inc. of Miami, who had an arbitration agreement with TracFone. The other Defendants, the Simply Wireless Virginia entities, did not have an arbitration agreement. The Court adopted Magistrate

Judge O'Sullivan's recommendation applying the doctrine of equitable estoppel[1] and compelling arbitration on these three counts between TracFone, Simply Wireless of Miami, Inc. and the non-signatories to the arbitration agreement, the Simply Wireless Virginia entities. Neither side objected to this recommendation and the Court compelled arbitration of the Second Amended Complaint's Counts 5-7.

TracFone did not pursue counts 5-7 in arbitration. Instead, Simply Wireless of Miami, Inc., Simply Wireless, Inc. (Virginia), along with additional parties, Wireless Partners North, Inc., and Wireless Partners South, Inc., filed an Arbitration Demand on March 14, 2017. The demand references the 2011 Agreement between Simply Wireless of Miami, Inc., and TracFone, which contained the arbitration provision. The arbitration demand contained the following claims: (1) Breach of Contract (Failure to Pay Reimbursements), Sales, Residual Commissions, and Credits); (2) Open Account (Failure to Pay Reimbursements, Sales, and Credits); (3) Breach of Contract (Related to the August 6, 2015 Payment for Wireless Telephones with Purchased Airtime); (4) Breach of Contract (Related to July 10, 2015 Voided Airtime; (5) Breach of Contract (The QVC Show); (6) Breach of Contract (Airtime Blackout); (7) Breach of Contract (Arbitration Provision); (8) Fraud and/or Fraud in the Inducement (Related to Purchase of Airtime); (9) Fraud (Related to Voided Airtime); (10) Fraud (Related to Product Cancellation); (11) Conversion (Voided Airtime); (12) Tortious Interference (TV Networks); (13) Unjust Enrichment (alternative to express contract claims); and (14) Contract Implied in Fact. As noted, TracFone did not file the arbitration demand and therefore, the scope of the demand was not limited to TracFone's claims that the Court had compelled to arbitration. This arbitration

---

[1] Judge O'Sullivan noted that equitable estoppel provides an exception to the rule that typically non-signatories are not bound to an agreement. He emphasized that equitable estoppel allows a non-party to an agreement containing an arbitration clause to compel arbitration "where a party to a contract raises allegations of substantially interdependent and concerted misconduct by the nonparty and another party to the contract." Because Counts 5-7 referred to these Defendants collectively, and were substantially interdependent, he recommended compelling arbitration of these claims as to all Defendants.

3

demand gave rise to TracFone's Motion to Enjoin Arbitration under the All Writs Act, 28 U.S.C. § 1651.

TracFone's motion argues the Court should enjoin the arbitration because it infringes on the Court's jurisdiction. The Defendants assert the arbitrator should decide the scope of the arbitration, not the Court. In so arguing, the Defendants assert this Court's order merely compelled arbitration of those three counts, but did not limit their ability to file their own claims in arbitration. Defendants are seeking the Court stay this litigation because the arbitrator has provided a February 2018 final hearing date.

## II. Analysis

The pending motions involve two federal statutes, the All Writs Act, 28 U.S.C. § 1651(a), and the Federal Arbitration Act, 9 U.S.C. § 1. TracFone seeks to enjoin the arbitration under the All Writs Act and Defendants seek to stay the litigation under the Federal Arbitration Act. The options before the Court are to enjoin the arbitration, stay the litigation, or allow both the arbitration and litigation to proceed. Given the strong federal policy in favor of arbitration, this Court declines to enjoin the arbitration, and will briefly stay the case pending the parties' completion of the arbitration proceeding in February 2018.

*A. Motion to Enjoin Arbitration*

The All Writs Act, 28 U.S.C. § 1651(a), allows federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions. . . ." It allows courts to "safeguard not only ongoing proceedings, but potential future proceedings, as well as already-issued orders and judgments." *Liberty Mut. Ins. Co. v. Aventura Eng'g & Const. Corp.*, 534 F. Supp. 2d 1290, 1324 (S.D. Fla. 2008) (quoting *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1109-10 (11th Cir. 2004)). An injunction under the All Writs Act differs from a traditional injunction because it "must simply point to some ongoing proceeding, or some past order or judgment, the integrity

4

of which is being threatened by someone else's action or behavior." *Klay*, 376 F.3d at 1100. Notably, "[p]roceedings in other courts that involve the same facts as already issued judgments and orders, or that could result in the issuance of an inconsistent judgment, threaten the jurisdiction of the district court enough to warrant an injunction." *Id.* at 1104. The All Writs Act is "a residual source of authority to issue writs that are not otherwise covered by the statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Id.* at 1100.

Defendants urge this Court to enjoin the arbitration because the Simply Wireless Virginia entities are not parties to the arbitration agreement, and this Court only compelled arbitration of three counts between TracFone and the Defendants. In so ruling, however, this Court did not limit the scope of the arbitration to TracFone's three claims, and certainly, the Court's order did not limit the Defendants from filing their own claims in arbitration. The petitioners in arbitration bring different causes of action, for different harms, and involve additional parties that are not in this case. With this backdrop, the Court can only determine that TracFone is requesting this Court enjoin the arbitrator from deciding who and what is rightfully within his scope.

The parties in this case have agreed that the arbitrator should decide the scope of the case before him. The arbitration agreement contained a clause indicating that the Rules of the American Arbitration Association ("AAA") govern the arbitration proceeding. AAA Rule 8(a) "provides that '[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." *Terminix Intern. Co., LP v. Palmer Ranch Ltd. Partnership*, 432 F.3d 1327, 1331 (11th Cir. 2005) (quoting Am. Arbitration Ass'n, Commercial Arbitration Rules); *24 Go Wireless Inc. v. AT&T Mobility II, LLC.*, No. 11-20930-CIV-MORENO, 2011 WL 2607099, *2

(S.D. Fla. June 30, 2011). By incorporating the AAA Rules into their agreement, the parties agreed the arbitrator should decide whether the arbitration agreement encompasses the claims before him. *Terminix*, 432 F.3d at 1332. Rather than enjoin the arbitration, the Court will allow the arbitrator to decide on the scope of the matter before him. This Court will not step into the arbitrator's shoes by evaluating the arbitration demand to determine whether it was properly filed by the parties and what claims could possibly conflict with this litigation. Certainly, an injunction is not supported in this context. If indeed, TracFone is right that the claims in the arbitration demand are not arbitrable, this Court retains the authority under the Federal Arbitration Act to vacate an award where the arbitrator exceeds his authority. 9 U.S.C. § 10(a)(4); *Klay*, 376 F.3d at 1113 ("It is precisely because arbitrating nonarbitrable claims is such a pointless endeavor that it does not threaten or undermine either the district court's existing order or its jurisdiction over the pending cases.").

TracFone also argues an injunction is proper to secure the Court's jurisdiction because of the hypothetical risk of inconsistent rulings. At oral argument, TracFone only identified a hypothetical inconsistency stemming from the resolution of the issue of bundling and unbundling cellular phones with airtime. Addressing the same theories presented in TracFone's motion, the Eleventh Circuit noted that arbitration proceedings generally do not give rise to a concern that the Court's jurisdiction is threatened because of collateral estoppel, inconsistent rulings, or similar res judicata concerns. *Klay*, 376 F.3d at 1110-11. "The simple fact that litigation involving the same issues is occurring concurrently in another forum does not sufficiently threaten the court's jurisdiction as to warrant an injunction under the All Writs Act." *Alhassid v. Bank of Am., N.A.*, No. 14-20484-CIV, 2014 WL 2581355, at *1 (S.D. Fla. June 9, 2014). The All Writs Act does not authorize this federal court to enjoin the arbitration absent extraordinary

circumstances, and this Court does not agree that the hypothetical risk of inconsistent rulings warrants such an act in this case.

*B. Motion to Stay Litigation*

The Federal Arbitration Act, 9 U.S.C. § 3, provides that if there are issues involved in a suit that are subject to arbitration, the Court <u>shall</u> stay the judicial action until the arbitration proceeding is had in accordance with the terms of the agreement. *Id.* Defendants have cited this provision in support of their request to stay the litigation. Because this Court previously compelled certain claims to arbitration and given the arbitrator has set a final hearing in February 2018, this Court finds it appropriate under 9 U.S.C. § 3 to temporarily stay the suit pending the final arbitration hearing. Accordingly, it is

**ADJUDGED** that:

I. The Clerk of this Court shall mark this cause as closed for statistical purposes and place the matter in a civil suspense file.

II. The Court shall retain jurisdiction and the case shall be restored to the active docket upon motion of a party if circumstances change so that this action may proceed to final disposition.

III. This order shall not prejudice the rights of the parties to this litigation.

IV. Plaintiff SHALL notify the Court by **March 1, 2018**, of the current status of the arbitration proceeding.

DONE AND ORDERED in Chambers at Miami, Florida, this _21_ of November 2017.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record

7